UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 1:22-cv-64 |
| M&W CAPITAL LLC d/b/a PRIME REMODELER, ROBERT MAST, and BLAKE WILLIAMS, | ) |
|       Defendants. | ) |

## COMPLAINT

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") for its Complaint and in support of its causes of action against the Defendants, M&W Capital LLC d/b/a Prime Remodeler ("Prime Remodeler"), Robert Mast, and Blake Williams (hereinafter collectively referred to as "Defendants"), states as follows:

## PARTIES

1. Wells Fargo is a national banking association chartered and regulated by the Office of the Comptroller of the Currency of the U.S. Treasury with its main office in Sioux Falls, South Dakota.

2. Wells Fargo is a citizen of South Dakota.

3. Defendant Prime Remodeler is an Indiana limited liability company with its principal place of business in Fort Wayne, Allen County, Indiana, and with the members of the limited liability company being citizens of the state of Indiana.

4. Robert Mast is an Indiana citizen who resides in Fort Wayne, Allen County, Indiana.

1

5. Blake Williams is an Indiana citizen who resides in Auburn, DeKalb County, Indiana.

## JURISDICTION AND VENUE

6. The amount in controversy in this case exceeds $75,000.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 since the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper under 28 U.S.C. § 1391(a), because a substantial part of the events or omissions giving rise to the claim occurred in Allen County, Indiana.

## FACTS

9. This case concerns Wells Fargo's Home Products Credit Card Program ("Program").

10. Pursuant to the Program, Wells Fargo offers credit cards to the customers of businesses that enroll in the Program to fund the customers' purchases from those businesses.

11. On or about February 1, 2021, Prime Remodeler enrolled in the Program and entered into the Wells Fargo Retail Services General Dealer Agreement ("Agreement") with Wells Fargo.

12. Pursuant to the Agreement, Prime Remodeler agrees, represents, and warrants that it will provide the materials and work ordered by its customers.

13. Prime Remodeler has failed to provide the materials and work ordered by its customers and/or provided deficient materials and work.

US.136753031

14. As a result, numerous Prime Remodeler customers who funded their Prime Remodeler projects through the Program have complained to Wells Fargo that Prime Remodeler did not complete the work or performed the work deficiently.

15. Due to those complaints, since September 9, 2021, Wells Fargo has issued refunds to Prime Remodeler's customers in the amount of $257,109.84.

16. The amount of the refunds may increase if Wells Fargo receives further complaints from customers.

17. Wells Fargo has provided written notice to Prime Remodeler regarding the customer complaints and has requested indemnification.

18. Prime Remodeler failed to respond to Wells Fargo.

19. Due to the numerous customer complaints and the failure of Prime Remodeler to provide the products and services as agreed, Prime Remodeler has breached the Agreement.

20. Under the Agreement, Prime Remodeler is required to pay Wells Fargo for the losses it incurs due to Prime Remodeler's breach of the Agreement and losses otherwise incurred due to the transactions financed through the Agreement.

21. The Agreement also requires Prime Remodeler to pay Wells Fargo's attorney fees.

22. Defendants Blake Williams and Robert Mast organized, own, and operate Prime Remodeler.

23. Defendant Robert Mast is the president of Prime Remodeler.

24. Upon information and belief, Defendants Blake Williams and Robert Mast have operated Prime Remodeler in disregard of corporate formalities and Primer Remodeler was merely an instrument of Defendants Blake Williams and Robert Mast personally.

US.136753031

25. Upon information and belief, Prime Remodeler is undercapitalized.

26. Upon information and belief, Prime Remodeler has not maintained corporate records.

27. Defendants Robert Mast and Blake Williams have used Primer Remodeler to promote fraud and injustice by accepting funds for work and materials they did not intend to complete.

28. Upon information and belief, Defendants Robert Mast and Blake Williams have used the funds of Prime Remodeler to pay individual obligations.

29. Upon information and belief, Defendants Robert Mast and Blake Williams have commingled their assets and affairs with those of Prime Remodeler.

30. Upon information and belief, Defendants Robert Mast and Blake Williams have failed to observe corporate formalities in their operation of Prime Remodeler.

31. Upon information and belief, Defendants Robert Mast and Blake Williams have ignored, controlled, and manipulated the corporate form in their operation of Prime Remodeler.

## CAUSES OF ACTION

### COUNT I. BREACH OF CONTRACT
### (DEFENDANT M&W CAPITAL LLC D/B/A PRIME REMODELER)

32. Wells Fargo hereby adopts and incorporates by reference the allegations contained in the paragraphs set forth above.

33. Prime Remodeler entered into the Agreement with Wells Fargo.

34. Prime Remodeler has breached the Agreement.

35. As a direct and proximate cause of Prime Remodeler's breaches, Wells Fargo has been damaged.

US.136753031

## COUNT II.  PIERCING THE CORPORATE VEIL
### (DEFENDANTS ROBERT MAST AND BLAKE WILLIAMS)

36. Wells Fargo hereby adopts and incorporates by reference the allegations contained in the paragraphs set forth above.

37. Defendants Robert Mast and Blake Williams, as the owners and operators of Prime Remodeler, have disregarded corporate formalities.

38. Piercing of the corporate veil of Prime Remodeler is necessary to protect Wells Fargo, an innocent third party, from fraud or injustice.

39. Defendants Robert Mast and Blake Williams so ignored, controlled, and manipulated the corporate form that Prime Remodeler was a mere instrumentality of Robert Mast and Blake Williams.

40. The corporate veil of Prime Remodeler, therefore, should be disregarded and Defendants Robert Mast and Blake Williams, as owner and operators of Prime Remodeler, are individually liable for any judgment that is entered against Prime Remodeler.

US.136753031

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Wells Fargo Bank, N.A. prays for judgment as follows:

1. An Order awarding Wells Fargo Bank, N.A. damages for the breaches of the Agreement set forth herein;

2. An Order awarding Wells Fargo Bank, N.A. such interest, reasonable attorneys' fees, and costs as is available under the Agreement and by law; and

3. An Order awarding Wells Fargo Bank, N.A. such other, further, or different relief as the Court deems just and proper.

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Peter A. Meyer*
   Peter A. Meyer (#27968-53)
   110 West Berry St., Suite 2400
   Fort Wayne, Indiana 46802
   Telephone: (260) 424-8000
   Facsimile: (260) 460-1700
   Email: Peter.Meyer@FaegreDrinker.com

*Attorneys for Plaintiff Wells Fargo Bank, N.A.*

US.136753031